■ APRIL LITTLE, Individually and as Parent and Natural Guardian of RYAN C. LITTLE, an Infant, Appellant, v WILLIAM J. HICKS et al., Respondents. [653 NYS2d 740] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action for medical malpractice against defendants, William J. Hicks, M.D., and Highland Hospital of Rochester (Highland). Plaintiff alleges that Hicks was negligent in the delivery of her son and that, because it had notice of Hicks's "significant problems" in delivery procedures, Highland was negligent in permitting Hicks to maintain staff privileges and in failing to monitor Hicks during deliveries performed by him at the hospital. In the course of discovery, plaintiff's attorney became aware of four letters that had been sent by Highland to Hicks. After plaintiff's attorney served a notice to produce the letters, Hicks's counsel submitted them to Supreme Court for in camera review to determine whether they were privileged under Education Law § 6527 (3). Highland moved for a protective order on the ground that the letters were privileged under Education Law § 6527 (3). In an affidavit, Highland's Director of Quality Management averred that the four letters were records relating to the performance of Highland's medical and quality assurance review function, malpractice prevention programs, and the evaluation and improvement of the quality of care rendered in the hospital. The court granted the protective order. We affirm.

Education Law § 6527 (3) provides in relevant part that "[n]either the proceedings nor the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program * * * shall be subject to disclosure under article thirty-one of the civil practice law and rules." The protection encompassed within Education Law § 6527 (3) is intended to "provid[e] confidentiality in order to encourage peer review" (*Lilly v Turecki*, 112 AD2d 788, 789) and to "encourag[e] frank and open discussion in evaluating personnel, treatment and procedures designed to improve health care and eliminate malpractice" (*Matter of Albany Med. Ctr. Hosp. v Denis*, 161 AD2d 1030). The four letters were written in connection with the performance of Highland's medical and quality assurance review function. Thus, they come within the statutory prohibi-

tion against disclosure (see, Education Law § 6527 [3]; *Crea v Newfane Inter-Community Mem. Hosp.*, 224 AD2d 976; *McGlynn v Grinberg*, 172 AD2d 960; *Parker v St. Clare's Hosp.*, 159 AD2d 919).

The contention of plaintiff that Highland may not assert that the letters are privileged because Hicks rather than Highland possesses them is without merit. Whether a record is privileged under the Education Law turns upon its character, not upon who owns, possesses or controls it (see, e.g., *McGlynn v Grinberg, supra*).

We also reject the contention of plaintiff that, having sent the letters to Hicks, Highland waived the right to assert the privilege under the Education Law. Waiver is the " 'intentional relinquishment * * * of a known right' " (*Manufacturers & Traders Trust Co. v Servotronics, Inc.*, 132 AD2d 392, 399, quoting *Johnson v Zerbst*, 304 US 458, 464). If Highland had sent the letters to a disinterested third party, it may well have waived its right to assert the privilege, but Highland did not do so by sending the letters to the physician under review. To hold otherwise "would result in the evil the statute seeks to avoid, i.e., the hospital would be penalized for encouraging the review of the shortcomings of a physician by having records relating to the performance of a medical review function used to demonstrate the hospital's prior knowledge in a negligence action" (*Lilly v Turecki, supra*, at 789).

Finally, we have considered the cases relied upon by plaintiff and conclude that they are inapposite (see, *Ashokan v State of Nevada, Dept. of Ins.*, 109 Nev 662, 856 P2d 244; *West Covina Hosp. v Superior Ct.*, 41 Cal 3d 846, 718 P2d 119). (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Discovery.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.