■ APRIL LITTLE, Individually and as Parent and Natural Guardian of RYAN C. LITTLE, an Infant, Respondent, v HIGHLAND HOSPITAL OF ROCHESTER, Appellant. [721 NYS2d 189] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum:

Defendant appeals from an order insofar as it granted in part plaintiff's motion to compel disclosure and denied in part its cross motion seeking, *inter alia,* a protective order. Supreme Court properly ordered defendant to provide plaintiff with perinatal database information concerning the physician who delivered plaintiff's son and a copy of a letter written by a nurse anesthetist to the Chairman of the Anesthesia Department regarding the delivery of plaintiff's son. Defendant did not establish that those items were "generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j" (*Maisch v Millard Fillmore Hosps.,* 262 AD2d 1017). Thus, defendant failed to meet its burden of establishing that those items are confidential and protected from disclosure by Education Law § 6527 (3) and Public Health Law § 2805-m (*see, Maisch v Millard Fillmore Hosps., supra,* at 1017-1018). Defendant also failed to meet its burden of establishing that the statutory provisions for confidentiality and protection from disclosure of certain records (*see,* Education Law § 6527 [3]; Public Health Law § 2805-m) extend to its written plan for reviewing, evaluating and maintaining the quality of patient care and identifying and preventing medical, dental and podiatric malpractice. Thus, the court properly directed defendant to provide plaintiff with a copy of its plan. In ordering that any difficulty in completing discovery in a timely manner shall be immediately conferenced with the court in lieu of further motion practice, the court did not abuse its "broad discretion in supervising disclosure" (*Mamunes v Szczepanski,* 70 AD2d 684, 685).

The court erred, however, in directing defendant to produce for a deposition the physician who chaired defendant's Credentials Committee at the time plaintiff's son was born. Defendant submitted proof that the physician no longer chairs that committee and has never been employed by defendant, thus establishing that he is not within defendant's control (*see, Ludden v Erie Lackawanna Ry. Co.,* 38 AD2d 783). We therefore modify the order by striking the eighth ordering paragraph. (Appeal from Order of Supreme Court, Monroe County, Polito, J.—Discovery.) Present—Green, J. P., Wisner, Scudder, Burns and Lawton, JJ.