■ NGA LE et al., Respondents, v RICHARD A. STEA, M.D., Respondent, and NEIL AMBROSINI, M.D., et al., Appellants, et al., Defendants. [730 NYS2d 620] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This discovery dispute arises out of a medical malpractice action in which plaintiffs seek damages for injuries allegedly sustained by Nga Le (plaintiff) while undergoing a spinal fusion at defendant The Genesee Hospital (Hospital). Defendants Richard A. Stea, M.D. and Thomas G. Rodenhouse, M.D. performed the surgery, and defendant Neil Ambrosini, M.D. was the anesthesiologist. After the surgery, those three physicians underwent peer review. Stea moved to compel discovery of a peer review report of the Department of Anesthesia (Department) containing the minutes from the Department's Morbidity and Mortality Conference regarding plaintiff's case, and the Hospital cross-moved for a protective order with respect to that report. In support of the motion, Stea asserted that the former chief of the Department, Kirk Bodary, M.D., previously had handed the report to him. Supreme Court determined that the Hospital waived its statutory privilege with respect to the report and ordered its disclosure, further directing that the issue of its admissibility was to be determined at trial. That was error.

Initially, we note that the parties do not dispute that the peer review report falls squarely within the statutory protection against disclosure (*see,* Education Law § 6527 [3]; Public Health Law §§ 2805-j, 2805-k, 2805-m). The issue, therefore, is whether the Hospital waived its right to assert the privilege when Bodary shared the peer review document with Stea. Because there was no intentional relinquishment of the privilege, the Hospital did not waive that privilege (*see, Little v Hicks,* 236 AD2d 794, 795), and the court abused its discretion in ordering disclosure of the report (*see, Baliva v State Farm Mut. Auto. Ins. Co.,* 275 AD2d 1030, 1031-1032; *Manufacturers & Traders Trust Co. v Servotronics, Inc.,* 132 AD2d 392, 398-399). Finally, it cannot be said that the Hospital waived the privilege by sharing the report with a disinterested third party;

Stea was plaintiff's surgeon and was under peer review for that surgery, and thus he was not a disinterested third party (*see, Little v Hicks, supra*, at 795). Consequently, we modify the order by vacating the third ordering paragraph and granting the Hospital's cross motion for a protective order. (Appeals from Order of Supreme Court, Monroe County, Polito, J.—Discovery.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.