Janerio Aldridge, M.D., et al., Appellants-Respondents, v Richard F. Brodman, M.D., et al., Respondents-Appellants, and Kaleida Health, Intervenor-Respondent-Appellant. (Appeal No. 2.) [854 NYS2d 618]—

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that the employment contracts between defendant Buffalo Cardiothoracic Surgical, PLLC (BCS) and cardiothoracic surgeons are "unlawful, unethical and void as against public policy" and seeking damages for alleged unfair trade practices. Plaintiffs appeal from an order granting their motion for leave to renew and reargue their prior motion to remove restrictions in this action on the use of certain transcripts of an internal fair hearing (article 12 hearing) conducted by intervenor Kaleida Health (Kaleida). Upon renewal and reargument, Supreme Court adhered to its prior decision denying plaintiffs' motion.

Kaleida, a nonprofit corporation that owns several hospitals in Erie County, was concerned about rising mortality rates and a perceived lack of leadership among its surgeons. Thus, in 2003, Kaleida entered into contracts with defendants to institute a "single group" practice model in Kaleida's hospitals. The proposed contracts between surgeons and defendants provided that 33% of the surgeons' gross revenues would be paid to defendants to be divided into bonuses, research and support expenses and a management fee that was to be paid directly to defendant Richard F. Brodman, M.D., the sole shareholder of BCS. Plaintiffs refused to sign the contracts, whereupon Kaleida moved to terminate plaintiffs' privileges at its hospitals. Plaintiffs then invoked their right to a hearing pursuant to article 12 of Kaleida's bylaws. The issues set forth by the Hearing Officer in advance of the hearing concerned whether plaintiffs' termination for inconsistency with Kaleida's policies could be justified under Public Health Law § 2801-b, and it is undisputed that the Hearing Officer repeatedly stated at the hearing that plaintiffs' competence and ability were not in controversy.

We conclude that the court erred in denying plaintiffs' motion inasmuch as the hearing transcript is not privileged material under either Education Law § 6527 (3) or Public Health Law § 2805-m. Defendants and Kaleida had the burden of establishing that the privileges are applicable (*see Little v Highland Hosp. of Rochester*, 280 AD2d 908, 909 [2001]; *Maisch v Millard Fillmore Hosps.*, 262 AD2d 1017, 1017-1018 [1999]), and they failed to meet that burden.

Education Law § 6527 (3) exempts from disclosure material that is related to a medical or quality assurance review function (*see Armenia v Blue Cross of W. N.Y., Community Blue*, 190 AD2d 1025 [1993]; *Zion v New York Hosp.*, 183 AD2d 386, 389 [1992]). "The purpose of the legislative policy which affords such confidentiality [pursuant to Education Law § 6527 (3)] is to encourage hospitals to review the shortcomings of [their] physicians" (*Bush v Dolan*, 149 AD2d 799, 799-800 [1989]), and the statute "is intended . . . to 'encourag[e] frank and open discussion in evaluating personnel' " (*Little v Hicks*, 236 AD2d 794, 794 [1997]). The privilege protects evaluations of individual physicians, not hospital-wide plans to improve quality and prevent malpractice (*see Little*, 280 AD2d at 909). Here, plaintiffs' article 12 hearing was not deemed a professional review action and, as noted, the Hearing Officer repeatedly stated at the hearing that plaintiffs' competence and ability were not in controversy. Thus, the confidentiality privilege of

Education Law § 6527 (3) does not apply to plaintiffs' article 12 hearing.

Public Health Law § 2805-m (2) renders confidential only "records, documentation or committee actions or records *required* pursuant to sections [2805-j, 2805-k] of this article [and] the reports required pursuant to section [2805-*l*]" (emphasis added). Public Health Law § 2805-j (1) (a) and (b) require a hospital to "maintain a coordinated program for the identification and prevention of . . . malpractice . . . [, including] [t]he establishment of a quality assurance committee . . . [and the establishment of a] staff privileges sanction procedure through which credentials, physical and mental capacity and competence in delivering health care services are periodically reviewed." Here, plaintiffs' hearing was conducted by an ad hoc committee pursuant to article 12 of Kaleida's bylaws and did not involve Kaleida's committees or procedures for ensuring compliance with the Public Health Law. The hearing therefore was not required pursuant to Public Health Law § 2805-j and thus was not protected by the confidentiality provisions of Public Health Law § 2805-m (*cf. Logue v Velez*, 92 NY2d 13, 18 [1998]; *Powers v Faxton Hosp.*, 23 AD3d 1105, 1106 [2005]).

Because the confidentiality privileges of Education Law § 6527 (3) and Public Health Law § 2805-m do not apply to the hearing transcripts, we modify the order by granting plaintiffs' motion and removing any existing restrictions on the use of those transcripts and by denying Kaleida's cross motion in part and vacating the direction that the papers submitted with respect to plaintiffs' motion be filed under seal. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.