SHARON H. LEARNED et al., Respondents, v FAXTON-ST. LUKE's HEALTHCARE et al., Appellants. [894 NYS2d 783]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered November 25, 2008 in a medical malpractice action. The order, insofar as appealed from, granted in part plaintiffs' motion to compel the production of certain documents and denied defendants' cross motion for a protective order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Sharon H. Learned as the result of postoperative infections allegedly caused by defendants' negligence in failing, inter alia, to ensure that the operating room and surgical equipment were properly sterilized. Plaintiffs moved to compel defendants to provide specified docu-

ments, and defendants cross-moved for a protective order with respect thereto. Contrary to defendants' contention, Supreme Court properly granted plaintiffs' motion and denied defendants' cross motion "insofar as defendants are directed to produce" certain of the documents sought by plaintiffs, thereby granting plaintiffs' motion only in part. "Supreme Court is invested with broad discretion to supervise discovery and to determine what is material and necessary as that phrase is used in CPLR 3101 (a) . . . , and only a clear abuse of discretion will prompt appellate action" (*Community Dev. Assn. v Warren-Hoffman & Assoc.*, 4 AD3d 755 [2004] [internal quotation marks omitted]). We perceive no such clear abuse of discretion here. We note in particular that, with respect to the minutes of the Infectious Control Committee meetings for calendar year 2002, we conclude that defendants did not establish that those minutes were "generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j" (*Maisch v Millard Fillmore Hosps.*, 262 AD2d 1017, 1017 [1999]). Thus, defendants failed to meet their burden of establishing that those minutes are shielded from disclosure (*see Kivlehan v Waltner*, 36 AD3d 597, 598 [2007]; *Little v Highland Hosp. of Rochester*, 280 AD2d 908 [2001]). In any event, in its bench decision the court directed defendants to produce the minutes "subject, however, to any objection that may be applicable pursuant to New York Education Law § 6527 (3) (b)," thus implicitly determining that the minutes would be subject to an in camera inspection to enable the court to determine whether those minutes are entitled to statutory privileges (*see generally Klingner v Mashioff*, 50 AD3d 746, 747 [2008]; *Ross v Northern Westchester Hosp. Assn.*, 43 AD3d 1135, 1136 [2007]). Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.