■ CAROL H. GRIECO, as Executrix of JOHN P. GRIECO, Deceased, Respondent, v KALEIDA HEALTH et al., Defendants, and JANERIO D. ALDRIDGE, M.D., et al., Appellants. (Appeal No. 1.) [913 NYS2d 633]—Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 30, 2009 in a medical malpractice action. The order denied the motion for a protective order.

■ CAROL H. GRIECO, as Executrix of JOHN P. GRIECO, Deceased, Respondent, v KALEIDA HEALTH et al., Defendants, and JANERIO D. ALDRIDGE, M.D., et al., Appellants. (Appeal No. 2.) [914 NYS2d 848]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 3, 2010 in a medical malpractice action. The order granted the cross motion of plaintiff to compel discovery.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the directive that defendants are not permitted to redact "the categories 'type' and 'notes' " for the appointment schedule for defendant Buffalo Thoracic Surgical Associates, P.C. and the surgery schedule for defendant Janerio D. Aldridge, M.D. and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as executrix of the estate of her husband (decedent), commenced this action seeking damages for, inter alia, the alleged medical malpractice on the part of defendants in the care and treatment of decedent. In appeal No. 1, defendants appeal from an order denying their motion for an order of protection and directing them to disclose the employee handbook for defendant Buffalo Thoracic Surgical Associates, P.C. (BTSA) as well as the performance evaluation for defendant Robert J. Gambino, R.P.A.C., and to submit to Supreme Court for an in camera review any performance evaluations of defendants Tammy B. Ervolina, R.P.A.C. and Ian M. Brown, R.P.A.C. that are maintained for them by BTSA. In appeal No. 2, defendants appeal from an order that, inter alia, granted plaintiff's motion to compel the production of the Ervolina and Brown performance evaluations and, following an in camera review, directed defendants to produce the BTSA appointment schedule and the surgery schedule for defendant Janerio D. Aldridge, M.D. without redaction of the "categories 'types' and 'notes' " with respect to both schedules. Contrary to the contention of defendants in both appeals, the court did not abuse its discretion in compelling the production of the performance evaluations (*see generally Learned v Faxton-St. Luke's Healthcare*, 70 AD3d 1398 [2010]). Defendants specifically disclaimed any reliance on the protections afforded to medical assurance review functions found in both the Education Law and the Public Health Law (*see Orner v Mount Sinai Hosp.*, 305 AD2d 307, 310-311 [2003]; *see generally* Education Law § 6527 [3]; Public Health Law § 2805-j; *Logue v Velez*, 92 NY2d 13, 16-17 [1998]). Moreover, under the facts of this case, disclosure of the performance evaluations is reasonably calculated to lead to relevant evidence (*see Bryant v Bui*, 265 AD2d 848, 849 [1999]; *cf. Reynolds v Vin Dac Pham*, 212 AD2d 991 [1995]). Similarly, we

conclude in appeal No. 1 that defendants failed to meet their burden of establishing that the BTSA employee handbook was immune from disclosure (*see generally Koump v Smith*, 25 NY2d 287, 294 [1969]; *Learned*, 70 AD3d at 1399).

We agree with defendants in appeal No. 2, however, that the court abused its discretion, following its in camera review, in directing them to disclose the information under the "types" and "notes" categories previously redacted from the appointment schedule for BTSA and the surgery schedule for Dr. Aldridge. The redacted information in those columns includes personal information regarding nonparty patients, such as medical and surgical procedures, and plaintiff is not entitled to that information (*see Brandes v North Shore Univ. Hosp.*, 1 AD3d 551, 552 [2003]; *Gourdine v Phelps Mem. Hosp.*, 40 AD2d 694, 695 [1972]). We therefore modify the order in appeal No. 2 accordingly. Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.