# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**228**
**CA 10-02001**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF MARGARET A. CONIBER, AS
EXECUTRIX OF THE ESTATE OF GEORGE C. CONIBER,
DECEASED, AND MARGARET A. CONIBER, INDIVIDUALLY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

UNITED MEMORIAL MEDICAL CENTER,
DEFENDANT-RESPONDENT.

---

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (LAURA C. DOOLITTLE OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

FELDMAN KIEFFER, LLP, BUFFALO (BRIAN BOGNER OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Genesee County (Robert
C. Noonan, A.J.), entered July 6, 2010 in a wrongful death action.
The order, insofar as appealed from, denied the motion of plaintiff to
compel the production of certain hospital records.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of plaintiff's
motion with respect to the document entitled "Medication Event Report
Form" and directing defendant to disclose that document and as
modified the order is affirmed without costs.

Memorandum:  Plaintiff, individually and as executrix of the
estate of her husband (decedent), commenced this action seeking
damages for his wrongful death and conscious pain and suffering
allegedly caused by defendant's improper administration of medication
to decedent.  Plaintiff also alleged that defendant was negligent in
failing to document the improper administration of medication and a
fall sustained by decedent while he was hospitalized.  Plaintiff moved
to compel defendant to provide certain incident reports, and defendant
opposed the motion on the ground that the reports were privileged
pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m
(2) because they were created as part of its quality assurance review
function.

We conclude that Supreme Court, following its in camera
inspection, abused its discretion in denying plaintiff's motion with
respect to the document entitled "Medication Event Report Form"
(hereafter, form), and we therefore modify the order by directing

defendant to disclose that document.  Defendant failed to establish that the form was " 'generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j' " (*Learned v Faxton-St. Luke's Healthcare*, 70 AD3d 1398, 1399; *see Aldridge v Brodman*, 49 AD3d 1192, 1193-1194).  The form does not appear to be made for quality assurance review purposes, and the conclusory statement in the affidavit submitted by defendant's Director of Quality Assurance that all of the documents in question "were prepared pursuant to [defendant's] quality assurance review function" is "insufficient to demonstrate that [the form] . . . [was] actually generated at the behest of [defendant's] Quality Assurance Department" (*Kivlehan v Waltner*, 36 AD3d 597, 599).

     We further conclude, however, that the court properly denied plaintiff's motion with respect to the remaining documents (*see Little v Hicks*, 236 AD2d 794).

Entered:  February 10, 2011                   Patricia L. Morgan
                                              Clerk of the Court