Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for the alleged negligence of defendants in their care and treatment of plaintiff Lyudmila V. Blyashuk. In appeal No. 1, Gurpreet Dhaliwal, M.D., Dilara Samadi, M.D. and Buffalo Medical Group (defendants) appeal from an order that, inter alia, denied that part of their motion to strike the errata sheet relating to the deposition testimony of plaintiff Yevegniy Blyashuk, a Russian citizen who does not speak English. In appeal No. 2, defendants appeal from an order that, inter alia, granted that part of plaintiffs' motion to compel defendants to produce documents regarding all laparoscopic surgeries performed by Samadi while he was an employee and shareholder of Buffalo Medical Group, including, but not limited to, operative reports and billing records from 1997 through February 12, 2008, with the names and identifying information of the patients redacted.

With respect to appeal No. 1, we reject defendants' contention that Supreme Court erred in denying that part of their motion to strike the errata sheet. At this juncture of the litigation, the court properly deferred the determination of the admissibility of the corrected testimony contained in the errata sheet until the time of trial or until raised in a summary judgment motion (*see generally Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]).

We agree with defendants in appeal No. 2, however, that the court abused its discretion in granting that part of plaintiffs' motion to compel them to disclose all of the documents regarding the laparoscopic surgeries performed by Samadi, including the operative reports and billing records of nonparty patients (*see Grieco v Kaleida Health*, 79 AD3d 1764, 1766 [2010]; *Brandes v North Shore Univ. Hosp.*, 1 AD3d 551, 552 [2003]). Present—Smith, J.P., Peradotto, Carni, Lindley and Martoche, JJ.

■ LYUDMILA V. BLYASHUK et al., Respondents, v GURPREET DHALIWAL, M.D., et al., Appellants, et al., Defendants. (Appeal No. 2.) [951 NYS2d 442]—

Same memorandum as in *Blyashuk v Dhaliwal* (99 AD3d 1222 [2012]). Present—Smith, J.P., Peradotto, Carni, Lindley and Martoche, JJ.

THOMAS A. ELDRIDGE et al., Appellants, v VINCENT P. SHAW et al., Respondents. (Appeal No. 1.) [952 NYS2d 360]—

Memorandum: Plaintiffs, who own property adjoining defendants' property, commenced this action seeking a determination establishing the location of the common boundary line between those properties. Before the scheduled trial date, the parties entered into an oral stipulation of settlement in open court (stipulation), wherein they agreed that a June 2005 survey map prepared by defendants' surveyor (defendants' survey) established the location of the boundary between their properties. The parties acknowledged that they had reviewed the defendants' survey, and defendants' attorney later prepared a written settlement agreement consistent with the stipulation. Plaintiffs, however, refused to sign the agreement on the ground that the defendants' survey inaccurately depicted the location of the boundary line. In appeal No. 1, plaintiffs appeal from an order that, inter alia, granted defendants' motion to enforce the stipulation and denied plaintiffs' cross motion to vacate the stipulation. In appeal No. 2, plaintiffs appeal from an order denying their motion to settle the record, wherein plaintiffs sought to include the pleadings. We affirm in both appeals.

With respect to appeal No. 1, we conclude that plaintiffs failed