# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

915

CA 11-01938

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

LYUDMILA V. BLYASHUK AND YEVEGNIY BLYASHUK,
PLAINTIFFS-RESPONDENTS,

                          V                          MEMORANDUM AND ORDER

GURPREET DHALIWAL, M.D., DILARA SAMADI, M.D.,
BUFFALO MEDICAL GROUP, DEFENDANTS-APPELLANTS,
RALPH SPERRAZZA, M.D. AND CATHOLIC HEALTH
SYSTEM, DOING BUSINESS AS SISTERS HOSPITAL OF
BUFFALO, DEFENDANTS.
(APPEAL NO. 1.)

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ANGELO S. GAMBINO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LOTEMPIO & BROWN, P.C., BUFFALO (MICHAEL H. KOOSHOIAN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 28, 2011 in a medical malpractice action. The order, among other things, denied that part of the motion of defendants Gurpreet Dhaliwal, M.D., Dilara Samadi, M.D. and Buffalo Medical Group to strike the errata sheet relating to the deposition testimony of plaintiff Yevegniy Blyashuk.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for the alleged negligence of defendants in their care and treatment of plaintiff Lyudmila V. Blyashuk. In appeal No. 1, Gurpreet Dhaliwal, M.D., Dilara Samadi, M.D. and Buffalo Medical Group (defendants) appeal from an order that, inter alia, denied that part of their motion to strike the errata sheet relating to the deposition testimony of plaintiff Yevegniy Blyashuk, a Russian citizen who does not speak English. In appeal No. 2, defendants appeal from an order that, inter alia, granted that part of plaintiffs' motion to compel defendants to produce documents regarding all laparoscopic surgeries performed by Samadi while he was an employee and shareholder of Buffalo Medical Group, including, but not limited to, operative reports and billing records from 1997 through February 12, 2008, with the names and identifying information of the patients redacted.

With respect to appeal No. 1, we reject defendants' contention

that Supreme Court erred in denying that part of their motion to strike the errata sheet.  At this juncture of the litigation, the court properly deferred the determination of the admissibility of the corrected testimony contained in the errata sheet until the time of trial or until raised in a summary judgment motion (*see generally Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902).

We agree with defendants in appeal No. 2, however, that the court abused its discretion in granting that part of plaintiffs' motion to compel them to disclose all of the documents regarding the laparoscopic surgeries performed by Samadi, including the operative reports and billing records of nonparty patients (*see Grieco v Kaleida Health*, 79 AD3d 1764, 1766; *Brandes v North Shore Univ. Hosp.*, 1 AD3d 551, 552).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court