■ In the Matter of Small Smiles Litigation. Kelly Varano, as Parent and Natural Guardian of Infant Jeremy Bohn, et al., Respondents, v Forba Holdings, LLC, Now Known as Church Street Health Management, LLC, et al., Appellants, et al., Defendants. (Action No. 1.) Shantel Johnson, as Parent and Natural Guardian of Infant Kevin Butler, et al., Respondents, v Forba Holdings, LLC, Now Known as Church Street Health Management, LLC, et al., Appellants, et al., Defendants. (Action No. 2.) Timothy Angus, as Parent and Natural Guardian of Infant Jacob Angus, et al., Respondents, v Forba Holdings, LLC, Now Known as Church Street Health Management, LLC, et al., Appellants, et al., Defendants. (Action No. 3.) [984 NYS2d 775]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered May 29, 2013. The order, insofar as appealed from, granted that part of plaintiffs' motion seeking to compel production of corporate integrity documents and denied that part of defendants-appellants' cross motion for a protective order with respect to those documents.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion seeking to compel production of the corporate integrity documents is denied, and that part of the cross motion seeking a protective order with respect to those documents is granted.

Memorandum: Plaintiffs commenced these three actions alleging, inter alia, fraud and dental malpractice. Although there are four groups of defendants involved in the three actions (*Matter of Small Smiles Litig.*, 109 AD3d 1212, 1212-1213 [2013]), the only group relevant to the instant appeal is Forba Holdings, LLC, now known as Church Street Health Management, LLC, et al. (New FORBA). Plaintiffs moved, inter alia, to compel New FORBA to produce documents associated with two corporate integrity agreements (corporate integrity documents), and New FORBA cross-moved for a protective order with respect thereto. Supreme Court granted plaintiffs' motion and denied New FORBA's cross motion. We reverse the order insofar as appealed from, deny that part of the motion seeking to compel production of the corporate integrity documents, and grant that part of the cross motion seeking a protective order with respect to those documents.

We conclude that the court erred in determining that the requested corporate integrity documents were not privileged under Education Law § 6527 (3). New FORBA met its burden of establishing that the corporate integrity documents sought by plaintiffs were related to the "performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program" (*id.*; *see Slayton v Kolli*, 111 AD3d 1314, 1314 [2013]; *Learned v Faxton-St. Luke's Healthcare*, 70 AD3d 1398, 1399 [2010]; *Aldridge v Brodman*, 49 AD3d 1192, 1193 [2008]). Specifically, New FORBA established that the corporate integrity documents were prepared pursuant to state and federal corporate integrity agreements, which set forth procedures for the review and monitoring of the quality of care of the dental clinics. Thus, New FORBA established " 'that it has a review procedure and that the [corporate integrity documents] for which the [privilege] is claimed [were] obtained or maintained in accordance with that review procedure' " (*Kivlehan v Waltner*, 36 AD3d 597, 599 [2007]; *see Learned*, 70 AD3d at 1398). Contrary to plaintiffs' contention, there is nothing in the language of section 6527 (3) limiting applicability of the privilege to agencies located in New York or records prepared in the state (*see id.*; *Little v Hicks*, 236 AD2d 794, 795 [1997]).

We reject plaintiffs' contention that New FORBA waived the

statutory privilege when it disclosed the corporate integrity documents in a bankruptcy proceeding in a different jurisdiction. As an initial matter, we note that plaintiffs failed to establish which of the requested corporate integrity documents it alleges were disclosed in the bankruptcy proceeding and, in any event, the record establishes that any disclosed documents were subject to a protective order in that proceeding. We therefore conclude that New FORBA intended to retain the confidentiality of the corporate integrity documents and took reasonable precautions to prevent further disclosure of them (*see Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1031-1032 [2000]; *see also Campbell v Aerospace Prods. Intl.* [appeal No. 2], 37 AD3d 1156, 1157 [2007]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Valentino, JJ.