# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**351**
**CA 13-01103**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF SMALL SMILES LITIGATION
-------------------------------------------------------
KELLY VARANO, AS PARENT AND NATURAL GUARDIAN OF
INFANT JEREMY BOHN, SHANNON FROIO, AS PARENT AND
NATURAL GUARDIAN OF INFANT SHAWN DARLING, BRENDA
FORTINO, AS PARENT AND NATURAL GUARDIAN OF INFANT
JULIE FORTINO, MARIE MARTIN, AS PARENT AND NATURAL
GUARDIAN OF INFANT KENNETH KENYON, JENNY LYNN
COWHERM, AS PARENT AND NATURAL GUARDIAN OF INFANT
WILLIAM MARTIN, HOLLAN CRIPPEN, AS PARENT AND
NATURAL GUARDIAN OF INFANT DEVAN MATHEWS, JESSICA
RECORE, AS PARENT AND NATURAL GUARDIAN OF INFANT
SAMANTHA MCLOUGHLIN, LAURIE RIZZO AND DOMINICK
RIZZO, AS LEGAL CUSTODIANS OF INFANT JACOB
MCMAHON, JASON MONTANYE, AS PARENT AND NATURAL
GUARDIAN OF INFANT KADEM MONTANYE, AND FRANCES
SHELLINGS, AS PARENT AND NATURAL GUARDIAN OF
INFANT RAYNE SHELLINGS, PLAINTIFFS-RESPONDENTS,

                                          MEMORANDUM AND ORDER

                    V

FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET
HEALTH MANAGEMENT, LLC, ET AL.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(ACTION NO. 1.)
-------------------------------------------------------
SHANTEL JOHNSON, AS PARENT AND NATURAL GUARDIAN
OF INFANT KEVIN BUTLER, VERONICA ROBINSON, AS
PARENT AND NATURAL GUARDIAN OF INFANT ARIANA
FLORES, DEMITA GARRETT, AS PARENT AND NATURAL
GUARDIAN OF INFANT I'YANA GARCIA SANTOS, KATHRYN
JUSTICE, AS PARENT AND NATURAL GUARDIAN OF INFANT
BREYONNA HOWARD, ELIZABETH LORRAINE, AS PARENT
AND NATURAL GUARDIAN OF INFANT SHILOH LORRAINE, JR.,
LAPORSHA SHAW, AS PARENT AND NATURAL GUARDIAN OF
INFANT ALEXIS PARKER, ROBERT RALSTON, AS PARENT AND
NATURAL GUARDIAN OF INFANT BRANDIE RALSTON, KATRICE
MARSHALL, AS PARENT AND NATURAL GUARDIAN OF INFANT
LESANA ROSS, TIFFANY HENTON, AS PARENT AND NATURAL
GUARDIAN OF INFANT COREY SMITH, AND JANET TABER, AS
PARENT AND NATURAL GUARDIAN OF INFANT JON TABER,
PLAINTIFFS-RESPONDENTS,

                    V

FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET HEALTH
MANAGEMENT, LLC, ET AL., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(ACTION NO. 2.)

------------------------------------------------------

TIMOTHY ANGUS, AS PARENT AND NATURAL GUARDIAN OF
INFANT JACOB ANGUS, JESSALYNN PURCELL, AS PARENT
AND NATURAL GUARDIAN OF INFANT ISAIAH BERG, BRIAN
CARTER, AS PARENT AND NATURAL GUARDIAN OF INFANT
BRIANA CARTER, APRIL FERGUSON, AS PARENT AND
NATURAL GUARDIAN OF INFANT JOSEPH FERGUSON, SHERAIN
RIVERA, AS PARENT AND NATURAL GUARDIAN OF INFANT
SHADAYA GILMORE, TONYA POTTER, AS PARENT AND NATURAL
GUARDIAN OF INFANT DESIRAEE HAGER, NANCY WARD, LEGAL
CUSTODIAN OF INFANT AALYIAROSE LABOMBARD-BLACK,
NANCY WARD, AS LEGAL CUSTODIAN OF INFANT MANUEL
LABORDE JR., JENNIFER BACON, AS PARENT AND NATURAL
GUARDIAN OF INFANT ASHLEY PARKER, COURTNEY CONRAD,
AS PARENT AND NATURAL GUARDIAN OF INFANT ZAKARY
WILSON, PLAINTIFFS-RESPONDENTS,

V

FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET
HEALTH MANAGEMENT, LLC, ET AL.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(ACTION NO. 3.)

---

DENTONS US LLP, WASHINGTON, D.C. (DAVID I. ACKERMAN OF COUNSEL), AND
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE, FOR
DEFENDANTS-APPELLANTS.

POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered May 29, 2013. The order, insofar
as appealed from, granted that part of plaintiffs' motion seeking to
compel production of corporate integrity documents and denied that
part of defendants-appellants' cross motion for a protective order
with respect to those documents.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, that part of the motion
seeking to compel production of the corporate integrity documents is
denied, and that part of the cross motion seeking a protective order
with respect to those documents is granted.

Memorandum: Plaintiffs commenced these three actions alleging,
inter alia, fraud and dental malpractice. Although there are four
groups of defendants involved in the three actions (*Matter of Small*

*Smiles Litig.*, 109 AD3d 1212, 1212-1213), the only group relevant to the instant appeal is Forba Holdings, LLC, now known as Church Street Health Management, LLC, et al. (New FORBA). Plaintiffs moved, inter alia, to compel New FORBA to produce documents associated with two corporate integrity agreements (corporate integrity documents), and New FORBA cross-moved for a protective order with respect thereto. Supreme Court granted plaintiffs' motion and denied New FORBA's cross motion. We reverse the order insofar as appealed from, deny that part of the motion seeking to compel production of the corporate integrity documents, and grant that part of the cross motion seeking a protective order with respect to those documents.

We conclude that the court erred in determining that the requested corporate integrity documents were not privileged under Education Law § 6527 (3). New FORBA met its burden of establishing that the corporate integrity documents sought by plaintiffs were related to the "performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program" (*id.; see Slayton v Kolli*, 111 AD3d 1314, 1314; *Learned v Faxton-St. Luke's Healthcare*, 70 AD3d 1398, 1399; *Aldridge v Brodman*, 49 AD3d 1192, 1193). Specifically, New FORBA established that the corporate integrity documents were prepared pursuant to state and federal corporate integrity agreements, which set forth procedures for the review and monitoring of the quality of care of the dental clinics. Thus, New FORBA established " 'that it has a review procedure and that the [corporate integrity documents] for which the [privilege] is claimed [were] obtained or maintained in accordance with that review procedure' " (*Kivlehan v Waltner*, 36 AD3d 597, 599; *see Learned*, 70 AD3d at 1398). Contrary to plaintiffs' contention, there is nothing in the language of section 6527 (3) limiting applicability of the privilege to agencies located in New York or records prepared in the state (*see id.; Little v Hicks*, 236 AD2d 794, 795).

We reject plaintiffs' contention that New FORBA waived the statutory privilege when it disclosed the corporate integrity documents in a bankruptcy proceeding in a different jurisdiction. As an initial matter, we note that plaintiffs failed to establish which of the requested corporate integrity documents it alleges were disclosed in the bankruptcy proceeding and, in any event, the record establishes that any disclosed documents were subject to a protective order in that proceeding. We therefore conclude that New FORBA intended to retain the confidentiality of the corporate integrity documents and took reasonable precautions to prevent further disclosure of them (*see Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1031-1032; *see also Campbell v Aerospace Prods. Intl.* [appeal No. 2], 37 AD3d 1156, 1157).

Entered:  May 2, 2014                    Frances E. Cafarell
                                         Clerk of the Court