Abdullahi v Shenoy (2019 NY Slip Op 05455)





Abdullahi v Shenoy


2019 NY Slip Op 05455


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


418 CA 18-02115

[*1]ABDUKADIR ABDULLAHI, AS ADMINISTRATOR OF THE ESTATE OF MARYAN M. ISSA, DECEASED, PLAINTIFF-APPELLANT,
v
SADASHIV S. SHENOY, M.D., ET AL., DEFENDANTS, AND KALEIDA HEALTH, DEFENDANT-RESPONDENT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CONNORS LLP, BUFFALO (JOHN LOSS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 6, 2018. The order, among other things, granted that part of the motion of defendant Kaleida Health seeking a protective order precluding a nonparty physician from providing testimony about matters privileged under Public Health Law 
§ 2805-m (2) and Education Law § 6527 (3).
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion insofar as it sought to preclude nonparty Robert N. Sawyer, Jr., M.D. from testifying with respect to his written report regarding his neurological examination of defendant Sadashiv S. Shenoy, M.D., and as modified the order is affirmed without costs.
Memorandum: Plaintiff appeals from an order insofar as it granted that part of the motion of defendant Kaleida Health (defendant) seeking a protective order precluding a nonparty physician (physician) from providing testimony about matters privileged under Public Health Law § 2805-m (2) and Education Law § 6527 (3). The physician previously conducted a neurological examination of defendant Sadashiv S. Shenoy, M.D. and produced a written report with his findings. There is no dispute that the physician examined Shenoy on behalf of defendant for the purpose of reviewing Shenoy's "credentials, physical and mental capacity and competence in delivering health services of all persons who are employed or associated with the hospital" (Public Health Law § 2805-j [1] [c]). The written report and the physician's testimony regarding that report and regarding the examination of Shenoy therefore fall within the statutory prohibition against disclosure (see § 2805-m [2]; Education Law § 6527 [3]).
We agree with plaintiff, however, that defendant waived the statutory privilege with respect to the written report and conclude that Supreme Court therefore abused its discretion by granting defendant's motion insofar as it sought to preclude the physician from testifying regarding the report. Thus, we modify the order accordingly. "Disclosure of a privileged document generally waives that privilege unless the client intended to retain the confidentiality of the printed document and took reasonable steps to prevent its disclosure" (Baliva v State Farm Mut. Auto. Ins. Co., 275 AD2d 1030, 1031 [4th Dept 2000]). Here, the written report was initially disclosed by Shenoy, and not defendant, in a separate lawsuit (Shenoy v Kaleida Health, 162 AD3d 1703 [4th Dept 2018]). However, defendant's own later filing of the written report in that litigation, as well as its failure to take any reasonable steps to have that document filed under seal at either the trial level or on appeal in that litigation, permitted the disclosure of the written report to the public at large, i.e., to unlimited "disinterested third part[ies]" (Little v Hicks, 236 AD2d 794, 795 [4th Dept 1997]; see generally Manufacturers & Traders Trust Co. v Client Server Direct, Inc., 156 AD3d 1364, 1365 [4th Dept 2017]). Therefore, by making its own [*2]disclosure of the written report, defendant intentionally relinquished the statutory privilege with respect to that report (cf. Nga Le v Stea, 286 AD2d 939, 939 [4th Dept 2001]).
Contrary to plaintiff's contention, we cannot determine on this record whether defendant waived its right to assert the statutory privilege at the physician's deposition with respect to any information that may fall within the statutory privilege but was not previously disclosed in the written report. Any dispute whether the information sought by a particular deposition question falls within the statutory privilege is not properly before this Court and should be resolved by the trial court in the first instance on a proper objection (see generally Jousma v Kolli, 149 AD3d 1520, 1522 [4th Dept 2017]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court