OPINION OF THE COURT
 

 Ciparick, J.
 

 Claimant commenced this action on behalf of her infant daughter, Katherine F., to recover damages for injuries the child allegedly sustained while a patient at defendant Bronx Children’s Psychiatric Center. Claimant alleges that on several occasions during August 1993, a hospital employee sexually abused and assaulted her then 14-year-old daughter. In her discovery demand, claimant requested all “incident reports” arising from the alleged abuse. Defendant refused to turn over its investigation file, asserting that it was exempt from disclosure under Education Law § 6527 (3).
 

 The Court of Claims conducted an in camera review and ordered disclosure of the file, which contained two incident reports as well as an investigation report and a safety department report. Relying on precedent from the Fourth Department, the court determined that the reports did not relate to a quality-of-care or medical review function, but rather, were part of a security function and therefore subject to disclosure. The Appellate Division reversed, holding that Education Law § 6527 (3) and Mental Hygiene Law § 29.29, when read in tandem, barred disclosure of the psychiatric hospital’s incident reports, and it certified to this Court the question whether its order was proper. We answer that question in the affirmative.
 

 Education Law § 6527 (3), which exempts certain records from the discovery provisions of article 31 of the Civil Practice Law and Rules, provides:
 

 “Neither the proceedings nor the records relating
 
 *204
 
 to performance of a medical or quality assurance review function or participation in a medical and dental malpractice prevention program nor any report required by the department of health pursuant to section twenty-eight hundred five-Z of the public health law described herein,
 
 including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law,
 
 shall be subject to disclosure under article thirty-one of the civil practice law and rules” (Education Law § 6527 [3] [emphasis added]).
 

 The language of the statute is unequivocal. Education Law § 6527 (3) exempts three categories of documents from disclosure: records relating to medical review and quality assurance functions; records reflecting “participation in a medical and dental malpractice prevention program;” and reports required by the Department of Health pursuant to Public Health Law § 2805-Z, including incident reports prepared pursuant to Mental Hygiene Law § 29.29. Incident reports are defined as “reports of accidents and injuries affecting patient health and welfare” (Mental Hygiene Law § 29.29). Included in such reports are any allegations of “violent behavior exhibited by either patients or employees” (Mental Hygiene Law § 29.29 [1] [ii]). A charge of sexual abuse based on an employee’s conduct, as alleged here, falls squarely within this category. Thus, read together, Education Law § 6527 (3) and Mental Hygiene Law § 29.29 exempt from disclosure incident reports generated in response to allegations of sexual abuse by an employee.
 

 Claimant, however, urges us to limit Education Law § 6527 (3) to reports that relate to a medical review or quality assurance function
 
 (see, e.g., Matter of Kristen K. v Children’s Hosp., 204
 
 AD2d 1009;
 
 Elmer v State of New York,
 
 179 AD2d 1000), and bear directly on a patient’s medical care and treatment. Because allegations of sexual abuse involve non-medical incidents that implicate a hospital’s security function, claimant maintains the documents sought are not exempt from disclosure. We disagree.
 

 Nothing in the plain language of Education Law § 6527 (3) or its legislative history indicates that the quality of care should be read to exclude reports of patient abuse. To the contrary, in 1986, the Legislature specifically amended section 6527 (3) to expand the exemption to include reports prepared by hospitals pursuant to Public Health Law § 2805-Z and Mental Hygiene Law § 29.29
 
 (see,
 
 L 1986, ch 266; L 1986, ch
 
 *205
 
 427). Both statutes require hospitals to report incidents that extend well beyond medical care and treatment. Public Health Law § 2805-Z requires hospitals to investigate and report on patient injuries caused by fires, poisoning and equipment malfunction
 
 (see,
 
 Public Health Law §
 
 2805-l
 
 [2] [b], [c], [d]). Similarly, Mental Hygiene Law § 29.29 establishes procedures for reporting incidents that affect a patient’s health and welfare, including an employee’s violent behavior. In 1992, section 29.29 was amended to include, as part of its incident reporting procedures, numerous provisions for identifying and resolving the abuse and maltreatment of children in residential care (Mental Hygiene Law § 29.29 [6] [a]-[fj; [8]). By referring to section 29.29 in Education Law § 6527 (3), the Legislature concluded that quality of care concerns include investigations of patient abuse.
 

 Our conclusion is consistent with the overall purpose of Education Law § 6527 (3). The thrust of section 6527 (3) is to promote the quality of care through self-review without fear of legal reprisal. As we noted in
 
 Logue v Velez
 
 (92 NY2d 13), section 6527 (3) is designed to “ ‘enhance the objectivity of the review process’ and to assure that medical review committees ‘may frankly and objectively analyze the quality of health services rendered’ by hospitals”
 
 (id.,
 
 at 17, quoting Mem of Assembly Rules Comm, Bill Jacket, L 1971, ch 990, at 6). By ensuring the confidentiality of incident reports, Education Law § 6527 (3) enables a psychiatric hospital “to ameliorate the causes of untoward incidents” through “unfettered investigation[s] ” (Letter of Commn on Quality of Care for the Mentally Disabled, dated July 17, 1986, Bill Jacket, L 1986, ch 427, at 15).
 

 That these investigations reflect a quality assurance review function is further supported by the procedures outlined in Mental Hygiene Law § 29.29. As part of these procedures, psychiatric hospitals must appoint a “patient care and safety team” to investigate and report on any incidents of violent behavior exhibited by a hospital employee (Mental Hygiene Law § 29.29 [1] [ii]). Information from these reports is submitted to the Commissioner of the Office of Mental Health, who, in turn, forwards the information to the State Commission on Quality of Care for the Mentally Disabled (Mental Hygiene Law § 29.29 [4], [5]).
 

 This scheme of review undeniably contemplates a quality assurance function and leads us to the conclusion that the reports generated here were part of that function. They include an
 
 *206
 
 investigation report prepared by a physician and addressed to the Director of Quality Assurance; two “incident report [s]” prepared by designated staff persons; and an “incident or investigation report” prepared by the State Office of Mental Health’s Bureau of Safety and Security Services. All of these reports were compiled by hospital personnel as part of an internal investigation into allegations of child sexual abuse and, as such, are clearly exempt from disclosure under Education Law § 6527 (3).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
 

 Order affirmed, etc.