◼ In the Matter of MARGARET A. CONIBER, Individually and as Executrix of GEORGE C. CONIBER, Deceased, Appellant, v UNITED MEMORIAL MEDICAL CENTER, Respondent. [916 NYS2d 398]—

Appeal from an order of the Supreme Court, Genesee County

(Robert C. Noonan, A.J.), entered July 6, 2010 in a wrongful death action. The order, insofar as appealed from, denied the motion of plaintiff to compel the production of certain hospital records.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion with respect to the document entitled "Medication Event Report Form" and directing defendant to disclose that document and as modified the order is affirmed without costs.

Memorandum: Plaintiff, individually and as executrix of the estate of her husband (decedent), commenced this action seeking damages for his wrongful death and conscious pain and suffering allegedly caused by defendant's improper administration of medication to decedent. Plaintiff also alleged that defendant was negligent in failing to document the improper administration of medication and a fall sustained by decedent while he was hospitalized. Plaintiff moved to compel defendant to provide certain incident reports, and defendant opposed the motion on the ground that the reports were privileged pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2) because they were created as part of its quality assurance review function.

We conclude that Supreme Court, following its in camera inspection, abused its discretion in denying plaintiff's motion with respect to the document entitled "Medication Event Report Form" (hereafter, form), and we therefore modify the order by directing defendant to disclose that document. Defendant failed to establish that the form was " 'generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j' " (*Learned v Faxton-St. Luke's Healthcare*, 70 AD3d 1398, 1399 [2010]; *see Aldridge v Brodman*, 49 AD3d 1192, 1193-1194 [2008]). The form does not appear to be made for quality assurance review purposes, and the conclusory statement in the affidavit submitted by defendant's Director of Quality Assurance that all of the documents in question "were prepared pursuant to [defendant's] quality assurance review function" is "insufficient to demonstrate that [the form] . . . [was] actually generated at the behest of [defendant's] Quality Assurance Department" (*Kivlehan v Waltner*, 36 AD3d 597, 599 [2007]).

We further conclude, however, that the court properly denied plaintiff's motion with respect to the remaining documents (*see Little v Hicks*, 236 AD2d 794 [1997]). Present—Centra, J.P., Fahey, Lindley, Green and Martoche, JJ.