# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1083

CA 12-02046

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

JAMES A. SLAYTON AND KATHLEEN L. SLAYTON,
PLAINTIFFS-RESPONDENTS,

V                                               MEMORANDUM AND ORDER

VENKATESWARA R. KOLLI, M.D., ET AL., DEFENDANTS,
KENMORE MERCY HOSPITAL, DEFENDANT-APPELLANT.

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DEMPSEY & DEMPSEY, BUFFALO (HELEN KANEY DEMPSEY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered October 12, 2012. The order directed defendant
Kenmore Mercy Hospital to disclose a "patient/visitor occurrence
report" dated April 6, 2011 to plaintiffs' counsel.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by plaintiff James A. Slayton while undergoing
laparoscopic cholecystectomy surgery. Plaintiffs moved for, inter
alia, an order compelling defendants to respond to their discovery
demands. At issue herein is a "patient/visitor occurrence report,"
which defendant Kenmore Mercy Hospital (hospital) asserts is
privileged, and thus not discoverable, pursuant to Public Health Law §
2805-m and Education Law § 6527 (3). Following an in camera review of
the report, Supreme Court granted plaintiffs' motion to the extent of
ordering the hospital to disclose the report to plaintiffs' counsel
within 20 days of service of the order with notice of entry. This
Court granted a stay of enforcement of that order pending the
hospital's appeal.

Initially, we conclude that the court erred in holding that the
privilege set forth in Education Law § 6527 (3) is inapplicable to the
report. Inasmuch as the report is not a "hospital-wide [plan] to
improve quality and prevent malpractice," this Court's holding in
*Aldridge v Brodman* is inapplicable (49 AD3d 1192, 1193-1194). We
nevertheless conclude that the court did not abuse its discretion in
granting plaintiffs' motion to the extent of ordering the hospital to
disclose the report to plaintiffs (*cf. Matter of Coniber v United Mem.*

*Med. Ctr.*, 81 AD3d 1329, 1330). Here, the hospital failed to meet its burden of establishing that the report was "generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j" (*id.* at 1330 [internal quotation marks omitted]). Morever, with respect to the privilege set forth in Public Health Law § 2805-j, we deem the conclusory statement in the affidavit submitted by the hospital's director of risk management that "[t]he report was prepared solely and exclusively in connection with the hospital's malpractice prevention program, as required by statute" to be insufficient to meet the hospital's burden of demonstrating that the form was actually generated at the behest of the hospital's malpractice prevention program.

Entered: November 8, 2013

Frances E. Cafarell
Clerk of the Court