OPINION OF THE COURT
Mitchell J. Danziger, J.
The decision/order of this court is as follows:
In her complaint, plaintiff seeks damages for injuries allegedly sustained by her while she was employed as a special education teacher. Plaintiff asserts that she was assaulted by a patient at Bronx Lebanon Hospital, while she was working in a unit of Bronx Lebanon Hospital Center where students with special needs attended classes.
Plaintiff moved for an order compelling nonparty Bronx Lebanon Hospital Center (hereinafter BLHC) to comply with a subpoena duces tecum. On September 22, 2016 the court issued an order directing BLHC to produce documents responsive to the subpoena for an in camera inspection on November 4, 2016.
In response to the order, BLHC submitted to the court a letter dated October 25, 2016 indicating that it provided plaintiff’s counsel with documents numbered BLHC 1-23. In addition, the letter enclosed an “OMH Incident Reporting Form” along with a privilege log for the same. BLHC asserts that the incident reporting form is privileged and not subject to disclosure pursuant to Mental Hygiene Law § 29.29, 14 NYCRR 524.9 (e), Education Law § 6527 and Public Health Law § 2805-m. BLHC submitted an unredacted copy of the incident report to the court. In its October 25 letter, BLHC’s counsel asserted that documents provided to plaintiff’s attorney, along with the incident report, represent all of the documents in BLHC’s custody and control that are responsive to the subpoena.
On November 4, 2016 the in camera inspection was held. The attorney for BLHC did not appear and previously advised the court and plaintiff’s attorney that she would not appear. Further, plaintiff’s attorney did not object to the production of documents labeled “BLHC 1-23.” However, plaintiff’s attorney argued that the incident report (BLHC 24-29) was not privileged, or at least was exempted from any asserted privilege. At that time, the court directed plaintiff to submit a reply to BLHC’s October 25 letter and privilege log. Having received and *296 reviewed said reply by plaintiff, the decision and order of the court, concerning the incident report labeled BLHC 24-29, is as follows:
“Education Law § 6527 (3) exempts[,] [inter alia,] incident reports prepared pursuant to Mental Hygiene Law § 29.29 from disclosure. Incident reports are defined as ‘reports of accidents and injuries affecting patient health and welfare.’ Included in such reports are any allegations of ‘violent behavior exhibited by either patients or employees’” (Katherine F. v State of New York, 94 NY2d 200, 204 [1999] [citations omitted]).
Plaintiff argues that the burden of proof is on the organization seeking to invoke the Education Law § 6527 (3) confidentiality privilege to establish that the documents sought in discovery were prepared in accordance with the procedures set forth in section 6527 (3) or Public Health Law § 2805-1 and that BLHC fails to make any such showing. However, the court interprets the Katherine F. decision as holding that reports of any allegations of violent behavior exhibited by a patient or employee are confidential pursuant to Education Law § 6527 (3). In that case, the Court of Appeals found that the language of Education Law § 6527 (3) is “unequivocal” and did not set forth a burden that the party invoking the privilege must meet in order to have the privilege apply. Therefore, the court finds that a charge of assault based upon a patient’s conduct, as alleged here, clearly and automatically falls within the category of items deemed confidential in Katherine F. Thus, read together, it seems, Education Law § 6527 (3) and Mental Hygiene Law § 29.29 automatically exempt from disclosure incident reports generated in response to allegations of assault by a patient against an employee.
Plaintiff’s argument that the incident report is exempted from the privilege to the extent that it contains statements made by the plaintiff herself is unpersuasive. Education Law § 6527 (3) provides, inter alia, that
“[n]o person in attendance at a meeting when . . . an incident reporting function . . . was performed, including the investigation of an incident reported pursuant to section 29.29 of the Mental Hygiene Law, shall be required to testify as to what transpired thereat. The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject *297 matter of which was reviewed at such meeting.”
Plaintiff asserts that based upon the above-cited statute and because she is a party to this action, she is entitled to the disclosure of the incident report. The court disagrees. The statute, by its own clear language, applies to situations where the discovery sought is the “testimony” of an individual and not the incident report itself. Further, plaintiff’s argument that the need for discovery outweighs the privilege is also unpersuasive. There has been no showing that the plaintiff does not remember the details of the incident as she reported them. Further, and for purposes of clarification, the court notes that there were no other incident reports concerning the alleged assailant provided to it for review. Again, the attorney for BLHC has made a representation that the documents already provided to plaintiff’s attorney and the incident report produced for the in camera inspection are all of the documents in BLHC’s possession that are responsive to the subpoena. Therefore, it seems that plaintiff already has the knowledge of the allegations, that she herself made in the incident report, and there is no reason to override the privilege.
Based on the foregoing, the court finds that the incident report dated September 11, 2008 and submitted to the court by nonparty Bronx Lebanon Hospital Center as “BLHC 0000024 - BLHC 0000029” is not subject to disclosure and is privileged pursuant to Education Law § 6527 (3) and Mental Hygiene Law § 29.29.