■ ESTATE OF JOYCE SAVAGE et al., Appellants, v DANIEL C. KREDENTSER et al., Defendants, and ST. PETER'S HOSPITAL CENTER OF THE CITY OF ALBANY, INC., et al., Respondents. [55 NYS3d 484]—

Peters, P.J. Appeals (1) from that part of an order of the Supreme Court (Connolly, J.), entered June 1, 2016 in Albany County, which partially denied plaintiffs' motion to, among other things, compel the production of certain documents, and (2) from an order of said court, entered June 7, 2016 in Albany County, which, among other things, granted a cross motion by defendants St. Peter's Hospital Center of the City of Albany, Inc. and St. Peter's Nursing and Rehabilitation Center, Inc. for a protective order.

Plaintiffs commenced this medical malpractice action against defendants seeking damages for personal injuries and derivative losses allegedly sustained by Joyce Savage (hereinafter decedent) and plaintiff Howard Alvin Savage in connection with a debulking surgery performed by defendant Daniel C. Kredentser in August 2011. Plaintiffs alleged that, after undergoing said surgery and as a result of alleged complications associated with it, decedent experienced bleeding from her bladder and vaginal cavity, which, among other things, caused her to delay the commencement of her chemotherapy treatment by five months. After undergoing various treatment options, decedent died.

Plaintiffs' previous medical malpractice action against defendants was dismissed without prejudice. However, during the discovery phase of that action, defendants St. Peter's Hospital Center of the City of Albany, Inc. and St. Peter's Nursing and Rehabilitation Center, Inc. (hereinafter collectively referred to as defendants) responded to discovery demands and provided plaintiffs with, among other things, a two-page "Department Review Form" (hereinafter the report) dated November 23, 2011 as part of the hospital chart relating to the care and treatment of decedent. When responding to identical discovery demands in this action, defendants did not disclose the report. Plaintiffs thereafter demanded that defendants produce all documentation related to the report. Defendants countered that the report was privileged under Education Law § 6527 (3) and Public Health Law § 2805-m, and Supreme Court permitted defendants to submit a privilege log, which they filed in their second supplemental response to plaintiffs' discovery demands. Insofar as is relevant here, plaintiffs subsequently moved for an order compelling production of all documents related to the report, and defendants opposed the motion and cross-moved for a protective order. After conducting an in camera review of the report and hearing oral argument

on the motions, Supreme Court determined that the report was privileged and issued a protective order precluding the discovery of all quality assurance reports and preventing plaintiffs from offering evidence of the report at trial. Plaintiffs appeal.

Education Law § 6527 (3) and Public Health Law § 2805-m protect from disclosure records relating to performance of a medical or quality assurance review function or participation in a medical malpractice prevention program (*see Logue v Velez*, 92 NY2d 13, 16-17 [1998]; *Daly v Brunswick Nursing Home, Inc.*, 95 AD3d 1262, 1263 [2012]; *Powers v Faxton Hosp.*, 23 AD3d 1105, 1106 [2005]; *Orner v Mount Sinai Hosp.*, 305 AD2d 307, 310 [2003]; *see also Katherine F. v State of New York*, 94 NY2d 200, 203-205 [1999]). The party asserting these statutory privileges bears the burden of establishing their applicability by demonstrating that a review procedure was in place and that the requested documents were prepared in accordance with such procedure (*see DiCostanzo v Schwed*, 146 AD3d 1044, 1046 [2017]; *Bluth v Albany Med. Ctr.*, 132 AD3d 1131, 1132 [2015]; *Slayton v Kolli*, 111 AD3d 1314, 1314 [2013]; *Stalker v Abraham*, 69 AD3d 1172, 1173 [2010]).

As a threshold matter, we reject plaintiffs' contention that defendants waived the report's privilege by providing it to them in the first action. The prior disclosure of the report was inadvertent, and defendants' failure to file a privilege log earlier and to timely move for a protective order, while not condoned, did not amount to "the intentional relinquishment of [a] known right" (*Matter of Khan v New York State Dept. of Health*, 17 AD3d 938, 941 [2005]; *see Kinge v State of New York*, 302 AD2d 667, 670 [2003]; *Little v Hicks*, 236 AD2d 794, 795 [1997]; *McGlynn v Grinberg*, 172 AD2d 960, 961 [1991]).

Addressing the merits, we find that defendants failed to meet their burden of establishing the report's privilege. Defendants did not submit an affidavit or other information from anyone with first-hand knowledge establishing that a review procedure was in place or that the report was obtained or maintained in accordance with any such review procedure (*see Kneisel v QPH, Inc.*, 124 AD3d 729, 730 [2015]; *Slayton v Kolli*, 111 AD3d at 1314-1315; *Matter of Coniber v United Mem. Med. Ctr.*, 81 AD3d 1329, 1330 [2011]; *Kivlehan v Waltner*, 36 AD3d 597, 598-599 [2007]; *compare Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 441-442 [2003]; *DiCostanzo v Schwed*, 146 AD3d at 1046; *Stalker v Abraham*, 69 AD3d at 1173-1174). Nevertheless, defendants argue that the face and content of the report clearly establish that it is a quality assurance review

which is precluded from disclosure. Yet, nothing in the report reflects that the hospital's Department of Patient Safety and Quality Improvement ever reviewed it (*see Bush v Dolan*, 149 AD2d 799, 800-801 [1989]).* Further, the report's conclusory statement that it was prepared for quality assurance purposes and was shielded by the subject statutes is patently insufficient to satisfy the required standard (*see Slayton v Kolli*, 111 AD3d at 1315; *Matter of Coniber v United Mem. Med. Ctr.*, 81 AD3d at 1330; *Mendez-Rico v Jain*, 2008 WL 10915893, *1, 2008 NY Misc LEXIS 6365, *3 [Sup Ct, NY County, Oct. 1, 2008, No. 1168322005]; *see generally Madison Mut. Ins. Co. v Expert Chimney Servs., Inc.*, 103 AD3d 995, 996 [2013]).

In short, the purpose of the Education Law and Public Health Law discovery exclusions is to encourage a candid peer review of physicians, and thereby improve the quality of medical care and prevent malpractice (*see Logue v Velez*, 92 NY2d at 17; *DiCostanzo v Schwed*, 146 AD3d at 1046-1047; *Aldridge v Brodman*, 49 AD3d 1192, 1193 [2008]), but such protections are not automatically available and do not prevent full disclosure where it should otherwise be provided (*see* CPLR 3101 [a], [b]; *Marte v Brooklyn Hosp. Ctr.*, 9 AD3d 41, 46 [2004]). Accordingly, we find that Supreme Court abused its discretion in denying plaintiffs' motion with respect to the report and in granting defendants' motion for a protective order.

Garry, Devine, Mulvey and Aarons, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion to compel the production of all documents related to the document entitled "Department Review Form" and granted defendants' motion for a protective order; plaintiffs' motion granted to that extent and defendants' motion denied to that extent; and, as so modified, affirmed.

---

* For instance, in section I of the report, entitled "Reason for Review (what was the patient event/what prompted the review)," not a single box was checked by the Department.