Aarons, J.
 

 Appeal from an order of the Court of Claims (DeBow, J.), entered April 25, 2016, which granted defendant’s motion for a protective order and denied claimants’ cross motion to compel.
 

 The underlying facts are set forth in our prior decision, which also involved a discovery dispute between these parties (136 AD3d 1247 [2016]). Briefly, claimant Mary Bellamy was a patient at the Capital District Psychiatric Center (hereinafter CDPC), a facility operated by the Office of Mental Health. Bellamy and her husband, derivatively, commenced this negligence action stemming from an incident in which Bellamy was assaulted by another patient.
 

 As relevant here, claimants deposed Fred Boreali, a risk manager at CDPC who investigated the assault on Bellamy and helped prepare a corresponding report. During his deposition, Boreali identified Constance Myers as another risk manager who assisted with the preparation of the investigative report into the assault. Boreali also refused to answer certain questions upon the advice of counsel. Claimants thereafter sought the deposition of Myers. Defendant moved for a protective order precluding claimants from taking Myers’ deposition. Claimants opposed the motion and cross-moved for an order compelling Boreali to answer the questions that were not answered at his deposition. The Court of Claims granted defendant’s motion and denied claimants’ cross motion. Claimants appeal. We affirm.
 

 Subject to certain exceptions, “[n]either the proceedings nor the records relating to performance of a medical or a quality assurance review function . . . nor any report required by the [Department of [H]ealth pursuant to [Public Health Law § 2805-1], including the investigation of an incident reported pursuant to [Mental Hygiene Law § 29.29], shall be subject to disclosure under [CPLR article 31]” (Education Law § 6527 [3]). The party seeking the protection of the privilege afforded by Education Law § 6527 (3) bears the burden of showing that a review procedure was in place and that the requested information was generated or prepared in accordance with such procedure (see Estate of Savage v Kredentser, 150 AD3d 1452, 1454 [2017]; Bluth v Albany Med. Ctr., 132 AD3d 1131, 1132 [2015]).
 

 Turning first to claimants’ cross motion to compel, Boreali testified that he assisted Myers in interviewing witnesses and writing a report in connection with the assault on Bellamy. Many of the questions propounded to Boreali asked for information that he learned based upon his investigation into the assault of Bellamy. Given Boreali’s role in the quality assurance investigation, such information was privileged under Education Law § 6527 (3) (see generally Katherine F. v State of New York, 94 NY2d 200, 205-206 [1999]). The questions related to the examination of the assailant were properly objected to inasmuch as they sought protected health information of a nonparty patient who has not waived any privilege attached to such information (see generally 42 USC § 1320d et seq.; CPLR 4504; Mental Hygiene Law § 33.13 [c]). The remaining questions to which claimants seek responses were answered by Boreali at a later point in his deposition. As such, the Court of Claims properly denied claimants’ cross motion to compel.
 

 Regarding defendant’s motion for a protective order, defendant established through Myers’ affidavit that any information obtained by Myers concerning the assault on Bellamy would be shielded from disclosure by Education Law § 6527 (3). Myers averred that CDPC had a procedure to review the systems in place to ensure patient safety and that she was assigned to investigate the assault on Bellamy and prepare a report on it (see Stephen v State of New York, 117 AD3d 821, 822 [2014]; cf. DiCostanzo v Schwed, 146 AD3d 1044, 1046 [2017]; Smith v Delago, 2 AD3d 1259, 1261 [2003]; Parker v St. Clare’s Hosp., 159 AD2d 919, 920 [1990]). We further note that Myers stated in her affidavit that she was not present when the assault in question took place. In view of the foregoing, and given that Myers’ involvement was limited to investigating and preparing a report regarding the assault, the information sought in a deposition of Myers would be privileged (see Stephen v State of New York, 117 AD3d at 822; Stalker v Abraham, 69 AD3d 1172, 1174-1175 [2010]).
 
 *
 
 Accordingly, the Court of Claims did not abuse its discretion in granting defendant’s motion for a protective order.
 

 Finally, we reject claimants’ reliance on the party-statement exception provided in Education Law § 6527 (3) given that neither Boreali nor Myers is a named party in this action (compare Swartzenberg v Trivedi, 189 AD2d 151, 154 [1993], lv dismissed 82 NY2d 749 [1993]). Nor do we find merit in claimants’ assertion that the mere fact that defendant employed Boreali and Myers rendered them parties to the action for purposes of the exception in Education Law § 6527 (3) (see Lenard v New York Univ. Med. Ctr. [Univ. Hosp.], 83 AD2d 860, 860-861 [1981]). Claimants’ contention that defendant does not gain the benefit of the quality assurance privilege because there was no evidence that the report prepared by Boreali and Myers was submitted or reported pursuant to the incident reporting requirements of Mental Hygiene Law § 29.29 is raised for the first time on appeal and, therefore, unpreserved for our review (see Malta Props. 1, LLC v Town of Malta, 143 AD3d 1142, 1144 n [2016]). In any event, the report, which claimants received in redacted form pursuant to a prior order, belies this claim inasmuch as it set forth the administrative review process leading to the investigation and the creation of the report. Claimants’ conclusory assertion that defendant failed to show that CDPC transmitted the incident report to the Office of Mental Health as required by Mental Hygiene Law § 29.29 (4) and (5), even if preserved, is without merit (see Matter of Davis v Ambach, 91 AD2d 1113, 1113 [1983]).
 

 McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 Typically, a determination as to whether a privilege applies must first await a question being asked and, then, the refusal of a witness to answer such question upon invoking a privilege (see Desai v Blue Shield of Northeastern N.Y., 128 AD2d 1021, 1022 [1987]). Here, however, claimants’ counsel indicated in the motion papers before the Court of Claims and on appeal that he intended to ask Myers the same questions posed to Boreali, which, as discussed, do not require answering under Education Law § 6527 (3).