Impellizzeri v Campagni (2020 NY Slip Op 03358)





Impellizzeri v Campagni


2020 NY Slip Op 03358


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND TROUTMAN, JJ.


1208 CA 18-01365

[*1]DAVID IMPELLIZZERI, PLAINTIFF-APPELLANT,
v
CINDY CAMPAGNI, DENISE BARBER, LORI FEENEY, SHARON KLAIBER, MAXINE THOMPSON, AND LISA BRACKETT, DEFENDANTS-RESPONDENTS. UPSTATE UNIVERSITY HOSPITAL, RESPONDENT. 






COTE & VAN DYKE, LLP, SYRACUSE, D.J. & J.A. CIRANDO, PLLC (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GALE GALE & HUNT, LLC, SYRACUSE (KEVIN T. HUNT OF COUNSEL), FOR DEFENDANT-RESPONDENT CINDY CAMPAGNI.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered April 5, 2018. The amended order resolved disputes over document production. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motions seeking to quash a judicial subpoena duces tecum and seeking a protective order with respect to the documents having pages Bates stamped 000214-000222, 000303-000313, 000346-000349, 000375-000382, 000403-000406, 000417-000421 and 000426-000427 and granting that part of the cross motion seeking to compel production of those documents, and as modified the amended order is affirmed without costs.
Memorandum: In this defamation action, plaintiff obtained a judicial subpoena duces tecum directing nonparty Upstate University Hospital (Upstate) to produce, among other things, certain documents relating to Cindy Campagni (defendant). Defendant and Upstate separately moved to quash the subpoena and for a protective order with respect to numerous documents, and plaintiff cross-moved seeking, inter alia, to compel production of the documents. Plaintiff appeals from an amended order that effectively granted the motions in part and denied the cross motion in part, and contends that he is entitled to discovery of all of the subpoenaed documents.
CPLR 3101 (a) (4) permits a party to obtain from a nonparty "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof[,] . . . upon notice stating the circumstances or reasons such disclosure is sought or required" (see Matter of Kapon v Koch, 23 NY3d 32, 36 [2014]; Matter of Barber v BorgWarner, Inc., 174 AD3d 1377, 1378 [4th Dept 2019], lv denied 34 NY3d 986 [2019]; Snow v DePaul Adult Care Communities, Inc., 149 AD3d 1573, 1574 [4th Dept 2017]). The Court of Appeals has repeatedly explained that the words " material and necessary' " are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 461 [1983]). "It is well settled that a court is vested with broad discretion to control discovery and that the court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion" (Voss v Duchmann, 129 AD3d 1697, 1698 [4th Dept 2015]; see generally CPLR [*2]3103 [a]).
Based upon our in camera inspection of the contested documents, we conclude that the court erred in granting the motions and denying the cross motion with respect to the documents with pages Bates stamped 000214-000222, 000303-000313, 000346-000349, 000375-000382, 000403-000406, 000417-000421, and 000426-000427, and we therefore modify the amended order accordingly. Plaintiff met his burden on the cross motion by establishing that those documents were "material and necessary" for the prosecution of his action (CPLR 3101 [a]; see John Mezzalingua Assoc., LLC v Travelers Indem. Co., 178 AD3d 1413, 1415 [4th Dept 2019]), and defendant and Upstate did not establish that those documents were protected by attorney-client privilege or constituted attorney work product (see generally Forman v Henkin, 30 NY3d 656, 662 [2018]). We therefore conclude that those documents should be disclosed to plaintiff (see CPLR 3101 [a], [b], [c]; 4503 [a]; Colantonio v Mercy Med. Ctr., 102 AD3d 649, 650 [2d Dept 2013]).
We have reviewed plaintiff's remaining contentions and conclude that none warrants further modification or reversal of the amended order.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court