Connell v Erie County Med. Ctr. Corp. (2021 NY Slip Op 07416)





Connell v Erie County Med. Ctr. Corp.


2021 NY Slip Op 07416


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1012 CA 20-01284

[*1]JACLYN CONNELL, PLAINTIFF-RESPONDENT,
v
ERIE COUNTY MEDICAL CENTER CORPORATION, DEFENDANT-APPELLANT. 






ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARTIN J. ZUFFRANIERI, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 13, 2020. The order, insofar as appealed from, granted that part of plaintiff's motion seeking to compel discovery of quality assurance reports and denied that part of defendant's cross motion seeking a protective order with respect to those reports. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of plaintiff's motion seeking to compel production of the quality assurance reports is denied, and that part of defendant's cross motion seeking a protective order with respect to those reports is granted.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained after she was attacked and injured by a fellow patient at defendant's facility. Thereafter, plaintiff moved to compel the production of certain documents, including quality assurance reports detailing the incident in which she was injured, as well as two unrelated incidents involving her attacker. Defendant opposed the motion and cross-moved for a protective order. As limited by its brief, defendant now appeals from an order insofar as it granted that part of the motion seeking to compel the production of the quality assurance reports and denied that part of the cross motion seeking a protective order with respect to those reports. We reverse the order insofar as appealed from.
We conclude that Supreme Court abused its discretion in granting the motion with respect to disclosure of the quality assurance reports and in denying the cross motion with respect to those reports (see generally Pasek v Catholic Health Sys., Inc., 159 AD3d 1553, 1554 [4th Dept 2018]). Defendant met its burden of establishing that the quality assurance reports were privileged by demonstrating that the information contained in those reports was "generated in connection with a quality assurance review function pursuant to Education Law
§ 6527 (3)" (Learned v Faxton-St. Luke's Healthcare, 70 AD3d 1398, 1399 [4th Dept 2010] [internal quotation marks omitted]; cf. DeLeon v Nassau Health Care Corp., 178 AD3d 897, 898 [2d Dept 2019]). Thus, the information contained in those reports "is expressly exempted from disclosure under CPLR article 31 pursuant to the confidentiality conferred on information gathered by defendant in accordance with Education Law § 6527 (3)" (Pasek, 159 AD3d at 1554; see Public Health Law §§ 2805-j [1] [e]; 2805-l; Mental Hygiene Law § 29.29 [1]; Katherine F. v State of New York, 94 NY2d 200, 203-205 [1999]).
In light of our determination, defendant's remaining contentions are academic.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court