DiPasquale v Lim (2023 NY Slip Op 03999)

DiPasquale v Lim

2023 NY Slip Op 03999

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

288 CA 22-00469

[*1]AMANDA DIPASQUALE AND DYLAN DIPASQUALE, PLAINTIFFS-APPELLANTS,
v
OONA LIM, M.D., HEIDI ZIELINSKI, C.N.M., MIRANDA HARRIS-GLOCKER, M.D., MARY M. WILSCH, M.D., WILLIAM O'MALLEY, M.D., MATTHEW BRESLER, M.D., GENESEE VALLEY OBSTETRICS & GYNECOLOGY, P.C., WOMEN GYNECOLOGY AND CHILDBIRTH ASSOCIATES, P.C., HIGHLAND HOSPITAL AND UNIVERSITY OF ROCHESTER MEDICAL CENTER, DEFENDANTS-RESPONDENTS. 

BOTTAR LAW, PLLC, SYRACUSE (SAMANTHA C. RIGGI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HIRSCH & TUBIOLO, P.C., ROCHESTER (RICHARD S. TUBIOLO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS OONA LIM, M.D., HEIDI ZIELINSKI, C.N.M.,

 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered March 8, 2022. The order, among other things, denied the motion of plaintiffs seeking, inter alia, to compel the production of a certain email and granted the cross-motion of defendants William O'Malley, M.D., Matthew Bresler, M.D., Highland Hospital and University of Rochester Medical Center for a protective order with respect to such email. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion and granting the motion to the extent that plaintiffs seek to compel disclosure of the subject email and as modified the order is affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs moved, inter alia, to compel defendants to disclose an email sent by defendant Miranda Harris-Glocker, M.D., to the chief operating officer of defendant Highland Hospital and six additional recipients. Defendants William O'Malley, M.D., Matthew Bresler, M.D., Highland Hospital, and University of Rochester Medical Center (Hospital defendants) cross-moved for a protective order on the ground that the subject email was privileged pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2). We agree with plaintiffs that Supreme Court abused its discretion in denying their motion insofar as it sought disclosure of the email and in granting the cross-motion.
Initially, there is no dispute that the subject email is material and necessary in the prosecution of this action (see CPLR 3101 [a]; Forman v Henkin, 30 NY3d 656, 661 [2018]; Impellizzeri v Campagni, 184 AD3d 1181, 1182 [4th Dept 2020]). Furthermore, the Hospital [*2]defendants failed to establish that the email "was generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to Public Health Law § 2805-j" (Maisch v Millard Fillmore Hosps., 262 AD2d 1017, 1017 [4th Dept 1999]; see Matter of Coniber v United Mem. Med. Ctr., 81 AD3d 1329, 1330 [4th Dept 2011]; cf. Drum v Collure, 161 AD3d 1509, 1510 [4th Dept 2018]; see generally Katherine F. v State of New York, 94 NY2d 200, 205 [1999]). One of the seven email recipients, Highland Hospital's chief operating officer, averred in support of the cross-motion that she was responsible for Highland Hospital's quality assurance program; however, the remaining six email recipients were neither Highland Hospital employees nor involved in Highland Hospital's quality assurance review process. Further, although Highland Hospital's senior quality improvement coordinator averred that the email contained information that she would have requested from Harris-Glocker for quality assurance review purposes, "[a] party does not obtain the protection of [Education Law § 6527 (3)] merely because 'the information sought . . . could have been obtained during the course of a hospital review proceeding . . . [T]he exemption applies only where the information was in fact so obtained' " (Crea v Newfane Inter-Community Mem. Hosp., 224 AD2d 976, 977 [4th Dept 1996]). Thus, the subject email is not exempted from disclosure under CPLR article 31 pursuant to the confidentiality conferred on information gathered by defendant in accordance with Education Law § 6527 (3) and Public Health Law § 2805-m (see Maisch, 262 AD2d at 1017-1018; cf. Pasek v Catholic Health Sys., Inc., 159 AD3d 1553, 1554 [4th Dept 2018]). In light of our conclusion, plaintiffs' alternative contention that the email falls within a statutory exception to the privilege is academic.
Finally, we agree with plaintiffs that the court erred to the extent that it determined that denial of their motion was warranted based on plaintiffs' purported failure to comply with the good faith conferral requirement of 22 NYCRR 202.20-f. The denial of a discovery motion pursuant to that rule is without prejudice (22 NYCRR 202.20-f [c]) and, in any event, further efforts "to resolve the present dispute non-judicially would have been futile" under the circumstances of this case (Yargeau v Lasertron, 74 AD3d 1805, 1806 [4th Dept 2010] [internal quotation marks omitted]).
We therefore modify the order by denying the cross-motion and granting the motion to the extent that plaintiffs seek to compel disclosure of the subject email.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court