Gewanter v State of New York (2024 NY Slip Op 24283)

[*1]

Gewanter v State of New York

2024 NY Slip Op 24283

Decided on November 7, 2024

Court Of Claims

St. George, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 7, 2024
Court of Claims

Alyson Beth Gewanter, by her legal guardian ARIN NICOLE SANDOFRI and ARIN NICOLE SANDOFRI, individually, Claimants,

against
State of New York, Defendant.

Claim No. 137803

For Claimant:
Melucci Firm, PC
By: Daniel Melucci, Esq. 
For Defendant:
Letitia James, New York State Attorney General
By: Robert Morelli, Esq., Assistant Attorney General

Carmen Victoria St. George, J.

The following electronically filed papers were read upon this motion:
Notice of Motion 16-25
Answering Papers 28-32
Reply 33
Claimant Gewanter and her guardian/co-claimant seek to recover damages for an alleged physical abuse incident that occurred on August 6, 2021, while Ms. Gewanter was a resident of the Long Island Developmental Disabilities Service Office (the facility)[FN1]
. As a result of the subject incident, Ms. Gewanter suffered a fractured right arm that required surgery and rehabilitative therapy. The exact way the injury occurred is unclear. It is alleged in the claim that Ms. Gewanter was not properly supervised on the day of the incident, that she should have been under "1:1" supervision, that the failure to properly supervise her resulted in her swinging her arm into a metal bar/wall/railing, or that her arm was twisted or bent, or that she fell, or that an unnamed person was "'on top of her' resulting in snapping of claimant's bone."
It is undisputed that the incident was reported to defendant's Office for People With Developmental Disabilities (OPWDD) and that the New York State Justice Center for the Protection of People with Special Needs (the Justice Center) conducted an investigation. It is further undisputed that the Justice Center generated its twenty-page report on October 6, 2021, concluding that the allegation of physical abuse was unsubstantiated. Thereafter, when it received the Justice Center report, the OPWDD reviewed it and ensured that the report complied with Mental Hygiene Law (MHL) §§ 33.23 and 33.25 (Jonathan's Law), including that the required redactions were made and that the required disclosure was made to Ms. Gewanter's guardian, Ms. Sandofri. The redacted Justice Center report was sent to claimant Sandofri, with the required cover letter, on November 19, 2021. This claim was filed on May 13, 2022, and served upon the defendant on June 1, 2022. A copy of the redacted Justice Center report is annexed to the claim.
Claimants now seek to compel the defendant to disclose an unredacted copy of the Justice Center report so that they may obtain the names of all persons contained in that report. The Court notes that the claimants are not seeking any underlying reports or investigative documents that may have been generated during the investigation of this incident; accordingly, the issue to be determined is narrow, and it is whether the claimants are entitled to an unredacted copy of the Justice Center report. The defendant opposes the instant motion, citing peer review and quality assurance privileges under Education Law § 6527 (3), Public Health Law (PHL) § 2805-m, in addition to privileges established by MHL §§ 29.29 and 33.13 (c), and 14 NYCRR Part 624. 
Statutory Systematic Plan to Protect People With Special Needs and Disclosure of Records
"In 2012, the Protection of People with Special Needs Act was enacted to create a set of uniform safeguards to bolster the protection of people with special needs in New York (L 2012, ch 501, § 2, part A, § 1). To implement those safeguards, the act created the New York State Justice Center for the Protection of People with Special Needs, an agency empowered to receive, investigate, and respond to allegations of abuse, neglect, or other 'reportable incidents' involving disabled residents receiving services in licensed facilities or provider agencies. Among other things, the Justice Center maintains a statewide central register—the Vulnerable Persons' Central Register—which operates a 24-hour hotline created to field allegations of reportable incidents. Upon receipt of an allegation, the Justice Center must promptly commence an investigation, or it may delegate its investigatory responsibility to an oversight agency or to the facility or provider agency (Social Services Law §§ 488 [7]; 492 [3] [c]). Social Services Law § 493 details the [*2]possible findings and consequences in connection with an investigation of abuse or neglect allegations. Following an investigation, a finding must be made, based on a preponderance of the evidence, that the allegation is 'substantiated' or 'unsubstantiated.'" (Matter of Anonymous v Molik, 32 NY3d 30, 34 [2018]).
Social Services Law § 493 (3) (a) provides that the finding "shall indicate whether: (i) the alleged abuse or neglect is substantiated because it is determined that the incident occurred and the subject of the report was responsible or, if no subject can be identified and an incident occurred, that, the facility or provider agency was responsible; or (ii) the alleged abuse or neglect is unsubstantiated because it is determined not to have occurred or the subject of the report was not responsible, or because it cannot be determined that the incident occurred or that the subject of the report was responsible" (see also 14 NYCRR 624.5 [j]). 
The confidentiality of documents compiled during a Justice Center investigation is governed by Social Services Law (SSL) § 496. SSL § 496 (1) provides that, "[u]nless an investigation of a report conducted pursuant to this article has been substantiated, all information, including information identifying the subject of the report and other persons named in the report, shall be sealed forthwith by the vulnerable persons' central register, the state oversight agency and the facility or provider agency" (emphasis added) (see also 14 NYCRR 624.5 [t] ["Confidentiality of records. All records generated in accordance with the requirements of this Part must be kept confidential and must not be disclosed except as otherwise authorized by law or regulation. Records of reportable incidents that are reported to the Justice Center are to be kept confidential pursuant to section 496 of the Social Services Law"]).
Moreover, Jonathan's Law provides that the report "shall be released to a qualified person. . .upon a written request by such qualified person [in this case, Arin Nicole Sandofri]. Such records and documents shall be made available by the appropriate office within twenty-one days of the conclusion of the investigation, provided that the names and other personally identifying information of other patients and employees shall not be included unless such patients and employees authorize disclosure" (emphasis added) (MHL § 33.25 [a]; see also 14 NYCRR 624.8 [f] [concerning mandatory redaction of employee and patient names prior to releasing records]).
Education Law § 6527 (3) provides in relevant part that, "[n]either the proceedings nor the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program nor any report required by the department of health pursuant to section twenty-eight hundred five-1 of the public health law described herein, including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law, shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law" (emphasis added). PHL § 2805-m (2) similarly prohibits disclosure of the report from disclosure under CPLR Article 31.
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (internal citations omitted) (Patrolmen's Benevolent Association of the City of New York. v. City of New York, 41 NY2d 205, 208 [1976]).
Discussion
In this case, as noted, the Justice Center concluded after investigation that the allegation of physical abuse was unsubstantiated (cf. Rivera v. State of New York, 70 Misc 3d 879 [Ct Claims [*3]2020] [in camera inspection of documents and some discovery ordered to be provided where Justice Center sustained some of the charges of abuse]). Accordingly, pursuant to SSL § 496 (1), the Justice Center report is confidential, and pursuant to Jonathan's Law, the names of employees and patients interviewed during the investigation must be redacted from the report provided to the qualified person. The OPWDD complied with the letter of the statutes by reviewing the Justice Center report and redacting the names of persons interviewed in connection with the allegation at bar.
Nonetheless, the claimants seek to compel disclosure of the unredacted report, which the defendant opposes, relying on the statutory scheme enacted by the Legislature, to include the privileges accorded by Education Law § 6527 (3) and PHL § 2805-m. 
"The party asserting these statutory privileges bears the burden of establishing their applicability by demonstrating that a review procedure was in place and that the requested documents were prepared in accordance with such procedure" (Estate of Savage v Kredentser, 150 AD3d 1452, 1454 [3d Dept 2017]; see also Marte v. Brooklyn Hospital Center, 9 AD3d 41, 46 [2d Dept 2004]).
In support of its opposition, the defendant submits the affidavit of Jill Dilapi, Deputy Director of OPWDD for Region 6 (Long Island and Queens County) establishing that the report was prepared in accordance with Education Law § 6527 (3) and MHL § 29.29. She avers that Region 6 for the OPWDD has a quality improvement plan in place that includes incident reporting procedures to the Justice Center, and once the Justice Center concludes its investigation, the report is provided to OPWDD for appropriate administrative action should any be required and to improve services to persons in OPWDD's care. According to Ms. Dilapi, the Justice Center report is created for the quality assurance and peer review functions and is thereby protected by those privileges. She also cites to Jonathan's Law as the basis for the redactions made to the Justice Center report prior to disclosure to Ms. Gewanter's legal guardian, and to SSL § 496 (1) concerning the sealing of unsubstantiated findings. Contrary to claimants' contention that "no information has been provided as to whether the persons in the report are patients or employees and, if so, whether they agreed to authorize disclosure" (Affirmation in Support, ¶ 23, Affirmation in Reply, ¶ 8), the Court notes that in paragraph 17 of Ms. Dilapi's affidavit, she states that none of the persons named in the Justice Center report consented or otherwise agreed to have their names or identities disclosed (see MHL § 33.25 [a]).
Furthermore, the claimants' blanket assertion that the Education Law and PHL statutes "do not create any privilege" is unavailing. The cases cited by claimants are inapposite, and claimants offer no relevant case law or statute contravening the well-settled principle enunciated in Katherine F. v. State of New York (94 NY2d 200 [1999]) that "[n]othing in the plain language of Education Law § 6527 (3) or its legislative history indicates that the quality of care should be read to exclude reports of patient abuse. To the contrary, in 1986, the Legislature specifically amended section 6527 (3) to expand the exemption to include reports prepared by hospitals pursuant to Public Health Law § 2805-l and Mental Hygiene Law § 29.29" (Id. at 204; see also Bellamy v. State of New York, 154 AD3d 1239 [3d Dept 2017]).
Inasmuch as the allegation of physical abuse in this case was found to be unsubstantiated, plus the fact that the defendant has established that the Justice Center report was prepared in accordance with peer review and quality assurance privileges, and the issue for determination herein is narrowly drawn, this Court determines that in camera inspection of the Justice Center report is not warranted (cf. Lynch v. State of New York, UID 2009-030-532 [Ct Claims 2009] [*4][conclusory affidavits that privilege applies and lack of privilege log required in camera inspection]).
The claimants' motion to compel the defendant to disclose an unredacted copy of the Justice Center report is denied pursuant to Education Law § 6527 (3), PHL § 2805-m, MHL §§ 29.29, 33.13 (c) and 33.25, SSL § 496, and 14 NYCRR Part 624.
The foregoing constitutes the Decision and Order of this Court.
Hauppauge, New York
November 7, 2024
CARMEN VICTORIA ST. GEORGE
Judge of the Court of Claims

Footnotes

Footnote 1:The only proper defendant in the Court of Claims is the State of New York; therefore, the caption is amended accordingly.