Adams v Bassett Healthcare Network
2026 NY Slip Op 02706
April 30, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Richard C. Adams, Appellant,
v
Bassett Healthcare Network, Respondent.

Decided and Entered:April 30, 2026
CV-25-0867
Calendar Date: March 23, 2026
Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Gabriella K. Read of counsel), for appellant.
Crowell & Moring LLP, Washington, DC (Andrew W. Bagley of counsel), for respondent.

[*1]
Corcoran, J.
Appeal from an order of the Supreme Court (John Lambert, J.), entered April 29, 2025 in Otsego County, which, among other things, denied plaintiff's motion to compel disclosure of certain documents.
Plaintiff was employed as a nursing assistant and technician within defendant's secure unit for patients with behavioral health and psychiatric conditions. He commenced this action for wrongful termination and retaliation under Labor Law §§ 740 and 741, claiming that defendant unlawfully fired him after he reported unsafe workplace practices and conditions. During discovery, plaintiff demanded copies of his statements to defendant, including his June 2022 report of safety concerns submitted to defendant's electronic reporting system. Plaintiff also requested the parties' communications about the secure unit and defendant's responses to prior related complaints or concerns. The parties agreed to terms of a confidentiality stipulation. Defendant objected, served a privilege log identifying two "RL6" reports, and asserted that both reports were immune from disclosure pursuant to statutory privileges under Education Law § 6527 (3) and the Patient Safety and Quality Improvement Act of 2005 (42 USC § 299b-21 et seq. [hereinafter PSQIA]). One of the reports was authored by plaintiff in June 2022; the other was written by a hospital security staff member in July 2022 after the incident that led to plaintiff's termination. Plaintiff moved pursuant to CPLR 3124 to compel production of the reports and defendant cross-moved for a protective order. Supreme Court inspected the reports in camera, then denied plaintiff's motion to compel and granted defendant's cross-motion for a protective order. Plaintiff appeals.
Supreme Court erred in concluding that both RL6 reports were exempt from discovery pursuant to Education Law § 6527 (3). Under certain conditions, this statute exempts from disclosure records related to medical review and quality assurance functions, records of participation in a medical malpractice prevention program and certain reports required by the Department of Health (see Katherine F. v State of New York, 94 NY2d 200, 204 [1999]). The statutory privilege is designed to "encourage a candid peer review of physicians, and thereby improve the quality of medical care and prevent malpractice, but such protections are not automatically available and do not prevent full disclosure where it should otherwise be provided" (Estate of Savage v Kredentser, 150 AD3d 1452, 1455 [3d Dept 2017] [internal citations omitted]). "The exemption from discovery conferred by that statute pertains only to medical review functions" (Carter v County of Erie, 255 AD2d 984, 985 [4th Dept 1998] [citation omitted]). As the party seeking to invoke the privilege, defendant bore the burden of establishing that a review procedure was in place and that the requested documents were prepared in accordance with the relevant statute (see Bellamy v State of New York, 154 AD3d 1239, 1240 [*2][3d Dept 2017]; Estate of Savage v Kredentser, 150 AD3d at 1454). Absent proof that a document was reviewed as contemplated by the statute, a conclusory statement that it was prepared for a protected purpose will not trigger the statutory privilege (see Estate of Savage v Kredentser, 150 AD3d at 1455; Matter of Coniber v United Mem. Med. Ctr., 81 AD3d 1329, 1330 [4th Dept 2011]).
Defendant's vice president, Paula Moshier, averred that hospital staff use RL6 reports to register a variety of incidents, such as accounts about medical procedures, "all near miss events," falls, medication reactions, employee injuries and certain other events not normally subject to the privilege. Moshier's description of the breadth of incidents reported through this electronic system demonstrated that it constitutes a tool to document an assortment of issues or events in the hospital, some of which relate to the medical review process. Contrary to defendant's argument, the mere fact that a report was created through the hospital's reporting system does not establish that it was made to promote quality assurance or for another purpose specified by Education Law § 6527 (3). Moshier described the policies and forms used to implement defendant's "Patient Safety Evaluation System" in general terms but she did not aver that the reports at issue were created for or submitted to any medical review process; her affidavit failed to even mention the specific reports at issue (compare Bamberg-Taylor v Strauch, 181 AD3d 432, 433 [1st Dept 2020]; Drum v Collure, 161 AD3d 1509, 1510 [4th Dept 2018]; Bellamy v State of New York, 154 AD3d at 1241). Nor do the generic statements on the RL6 forms establish that they were composed for a protected purpose. Although Moshier explained that all RL6 forms contain boilerplate language indicating that they are "[c]onfidential quality assurance material pursuant to Education Law § 6527, Public Health Law § 2805, and Mental Hygiene Law § 29.29," nothing in the record suggests that these particular reports were ever reviewed for any privileged purpose. "[A] party does not obtain the protection of Education Law § 6527 (3) merely because the information sought could have been obtained during the course of a hospital review proceeding[.] . . . The exemption applies only where the information was in fact so obtained" (DiPasquale v Lim, 218 AD3d 1182, 1183-1184 [4th Dept 2023] [internal quotation marks, brackets, ellipsis and citation omitted]). In short, the administrator's conclusory affidavit is insufficient to satisfy defendant's burden under Education Law § 6527 (3) (see Estate of Savage v Kredentser, 150 AD3d at 1454; Slayton v Kolli, 111 AD3d 1314, 1315 [4th Dept 2013]; Matter of Coniber v United Mem. Med. Ctr., 81 AD3d at 1330). Moreover, defendant conceded, both in its brief and at oral argument, that the RL6 reports were not submitted to a quality assurance or peer review committee.
Next, we address defendant's claim that the reports at issue [*3]are protected from disclosure by PSQIA. While defendant submits that the reports constitute privileged "patient safety work product," that term of art applies, as relevant here, to statements that are (1) assembled or developed by a provider for the purpose of reporting to a patient safety organization (hereinafter PSO) and (2) reported to a PSO (42 USC § 299b-21 [7] [A] [i] [internal quotation marks omitted]). Assuming, without deciding, the doubtful proposition that PSQIA applies to this state law claim, defendant failed to demonstrate that the RL6 reports at issue constitute privileged patient safety work product. Neither Moshier's affidavit, nor anything else in the record, establishes that these particular reports were actually provided to and reviewed by a PSO (see Brown v St. Mary's Hosp., 2015 US Dist LEXIS 179597, *11-12 [D Conn, Aug. 26, 2015, No. 3:14CV228 (DJS)]; Francis v United States, 2011 WL 2224509, *6, 2011 US Dist LEXIS 59762, *21 [SD NY, May 31, 2011, No. 09 Civ. 4004 (GBD) (KNF)]; Pal v New York Univ., 2007 WL 4358463, *7, 2007 US Dist LEXIS 91051, *21-22 [SD NY, Dec. 10, 2007, No. 06 Civ. 5892 (PAC) (FM)]). Accordingly, defendant failed to show in the first instance that the reports were privileged under the cited state or federal statutes.
In light of this determination, we need not consider plaintiff's alternative arguments that the reports fell within the narrow party-statement exception to the Education Law privilege (see Siegel v Snyder, 202 AD3d 125, 127 [2d Dept 2021]; Nowelle B. v Hamilton Med., Inc., 174 AD3d 1345, 1347 [4th Dept 2019]), and that public policy disfavors applying PSQIA and/or Education Law § 6527 (3) to healthcare whistleblower actions.
Clark, J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to compel production of the RL6 reports and granted defendant's cross-motion for a protective order; motion granted to that extent and cross-motion denied to that extent; and, as so modified, affirmed.